**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Stuart Komrower, Esq.
skomrower@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile
*Attorneys for Nicholas Delzotti, Chapter 7 Trustee*

| | |
|---|---|
| In re:<br><br>LOTUS EXIM INTERNATIONAL, INC., *et al.*[1]<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE VINCENT F. PAPALIA<br>CASE NO. 18-15957 (VFP)<br><br>(Jointly Administered)<br><br>Chapter 7 |

**APPLICATION OF NICHOLAS DELZOTTI, CHAPTER 7 TRUSTEE,
IN LIEU OF MOTION FOR ENTRY OF A CONSENT ORDER RESOLVING SECURED
CLAIM OF FLUSHING BANK AND FOR ESTATE CARVE-OUT**

TO:   HONORABLE VINCENT F. PAPALIA
      UNITED STATES BANKRUPTCY COURT

Nicholas J. Delzotti ("Delzotti"), Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Lotus Exim International, Inc. and the other administratively consolidated debtors, by and through his counsel, Cole Schotz P.C., hereby files this application (the "Application") for entry of a consent order (the "Consent Order") in the form submitted herewith by and between the Trustee and Flushing Bank resolving the secured clam of Flushing Bank and for an estate carve-out. In support of this Application, the Trustee respectfully represents as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal identification number are: Lotus Exim International, Inc. (9129), Lotus Marble & Granite, Inc. (1355), Perfect Marble & Granite, Inc. (5625), Elegant Marble & Granite, Inc. (6708), Lotus Natural Stone, LLC (7701), and Majestic Granite & Marble, Inc. (1176).

### I. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 506 and 506(c) of the Bankruptcy Code and Rule 9021-1(b) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

### II. BACKGROUND

**A. The Chapter 7 Cases**

4. On March 27, 2018, Lotus Natural Stone, LLC ("Lotus Natural Stone") and certain affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

5. On March 28, 2018, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed Delzotti as the Trustee in each Debtor's case.

6. On May 7, 2018, the Court entered an Order [Docket No. 49] directing the joint administration of the Debtors' chapter 7 cases.

**B. Facts Relating to this Application**

7. Lotus Natural Stone is the owner of approximately 16,050 square feet on 0.69 acres of real property located at 16 Leliarts Lane (Block 804, Lot 2), Elmwood Park, New Jersey (the "Real Property").

8. The Real Property is subject to a first priority Mortgage, Security Agreement, Assignment of Leases and Rents and all related documents dated October 21, 2013 (the "Mortgage Documents") in the original principal amount of $900,000 in favor of Flushing Bank senior to all other consensual liens and claims with respect to the Real Property.

9. On May 30, 2018, Flushing Bank filed a proof of claim (Claim No. 8) asserting a secured claim in the amount of $792,012.99 as of that date (the "Proof of Claim").

10. On August 22, 2018, the Trustee filed a Verified Motion for Entry of an Order Pursuant to Sections 105(a) and 363 Authorizing and Approving the Sale of Real Property of Lotus Natural Stone, LLC Free and Clear of Liens, Claims, Interests and Encumbrances [Docket No. 156] (the "Sale Motion"). Pursuant to the Sale Motion, the Trustee sought authority to sell the Real Property free and clear of liens, claims, interests and encumbrances including the mortgage lien of Flushing Bank. On September 21, 2018, the Court entered an Order approving the Sale Motion [Docket No. 174].

11. In connection with the closing of the sale of the Real Property, on October 18, 2018, Flushing Bank provided a payoff statement to the Trustee asserting a claim of $908,378.09 as of October 31, 2018 (the "October 31 Payoff Statement"). The closing of the sale of the Real Property occurred on November 20, 2018 (the "Closing Date"), at which time Flushing Bank was paid the sum of $786,042.34, consisting of (i) full payment of all principal, (ii) accrued interest at the non-default contract rate of 4% per annum ("Non-Default Interest") through November 15, 2018, (iii) an escrow deficit in the amount of $3,413.68, and (iv) NSF ($50.00), recording ($53.00) and property inspection ($56.00) fees.

### III.    THE PROPOSED CONSENT ORDER

12. The Trustee and his professionals reviewed the Proof of Claim, the October 31 Payoff statement and the extent, validity and priority of Flushing Bank's liens and claims. Although the Trustee agrees that such liens and claims are valid, perfected and nonavoidable and constitute first priority liens, subject only to priming statutory liens and claims, the Trustee asserts that the estate of Lotus Natural Stone is entitled to certain costs of administration in the

marketing, preservation and sale of the Real Property, including the accrual of real estate taxes. To that end, the Trustee and Flushing Bank engaged in settlement discussions and have agreed to a carve-out by Flushing Bank for certain costs and expenses of preserving and disposing of the Real Property under Section 506(c) of the Bankruptcy Code.

13. Specifically, pursuant to the Consent Order:[2]

- Flushing Bank shall have an allowed fully secured first priority claim in and to the Real Property in the amount of $908,378.09 as of October 31, 2018. Upon entry of this Stipulation and Consent Order, the Trustee shall make an additional and final payment to Flushing Bank in the total sum of $44,386.50, consisting of (i) Non-Default Interest for five days from November 15 through the Closing Date in the total amount of $430.71, (ii) default interest at the rate of 5% (notwithstanding anything to the contrary in the Mortgage Documents) from November 1, 2018 through the Closing Date in the total amount of $2,153.54, (iii) 50% of the prepayment premium under the Mortgage Documents in the amount of $11,413.92, (iv) 25% of accrued default interest claimed by Flushing Bank through October 31, 2018 in the amount of $22,193.73 and (v) professional fees and costs in the amount of $8,194.60.

- Flushing Bank shall provide a carve-out pursuant to Section 506(c) of the Bankruptcy Code from its allowed senior secured claim the sum of $81,784.00 from the proceeds of sale of the Real Property to be retained by the Trustee free and clear of all liens, claims and interests, for the benefit of the Lotus Natural Stone estate and such carve-out be and is hereby approved.

### IV. RELEF REQUESTED AND BASIS THEREFOR

14. By this Application, the Trustee seeks entry of the Consent Order by the Court, substantially in the form submitted herewith, pursuant to Local Rule 9021-1(b).

15. As described above, the Consent Order will resolve the secured claim of Flushing Bank and provide for a carve-out of $81,784.00 from the proceeds of sale of the Real Property for the benefit of the Lotus Natural Stone estate. The Trustee submits that approval of the

---

[2] In the event that the Stipulation is not approved by the Court and becomes final and non appealable, it shall be null and void and the parties reserve all of their rights, claims and defenses.

43488/0007-16569576v1

Consent Order and the relief provided therein is in the best interests of the estate of Lotus Natural Stone.

## V. NOTICE

16. Notice of this Application will be provided to: (i) counsel for Flushing Bank and (i) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 7 Cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court enter the proposed Consent Order submitted herewith, and grant the Trustee such other and further relief as the Court deems just and proper.

**COLE SCHOTZ P.C.**
*Attorneys for Nicholas Delzotti, Chapter 7 Trustee*

By: */s/ Stuart Komrower*
    Stuart Komrower, Esq.

DATED:  December 13, 2018
    Felice R. Yudkin, Esq.